UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Henry, # 299199, | ) C/A No. 4:14-4854-MGL-TER |
| Plaintiff, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| Daniel Cotter; David Burzinski; J. Rivera, #52250, | ) |
| Defendants. | ) |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Perry Correctional Institution (PCI) who alleges constitutional violations under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss this action, without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff alleges that in October of 2013 he received from the Attorney General's office a "white box" with certain legal materials and transcripts relevant to his state court proceedings. Complaint at 3. He claims that in December of 2013 he was placed in lock-up and his personal property and legal material were taken by contraband officers. *Id*. Plaintiff alleges that he was not present while his property was being inventoried and when he was released from lock-up his "white box" and the materials he alleges it contained were missing. *Id*. He indicates that he filed an initial grievance with regards to the matter in December of 2013. Plaintiff alleges that in December of 2014, he again was placed in lock-up and his property and legal materials were seized by contraband

1

officers, with his paperwork being paced in a trash bag. *Id*. at 4. Plaintiff seeks monetary damages and asks that the defendants pay for all of the legal materials that they "through [sp] away." *Id*. at 5.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B) (I), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir.1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the

court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir.1990).

    B.    Analysis

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The Supreme Court of the United States has explicitly held that deprivations of inmates' personal property does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 328-36 (1986). The Fourth Circuit has held that deprivations of personal property by corrections officials are not constitutional violations where there are procedures available for the inmate to recover that property or to be financially compensated for the loss. *See, e.g., Mora v. City of Gaithersburg*, 519 F.3d 216, 230-31 (4th Cir.2008); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir.2005). Therefore, while Plaintiff may have some claim against Defendants for the deprivation of his personal property under South Carolina law, it is not a violation of his rights under the United States Constitution, and therefore is not actionable under 42 U.S.C. § 1983.

To the extent that Plaintiff's allegations could be construed as claiming denial of court access, his claim also fails. To state a claim for denial of court access, a plaintiff must allege that he has been prejudiced in pursuing non-frivolous litigation concerning his conviction or prison conditions. *Lewis v. Casey*, 518 U.S. 343, 350–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Also, in order to make out a prima facie case of denial of access to the courts, a plaintiff cannot rely on conclusory allegations;

he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir.1996); *see also White v. White*, 886 F.2d 721, 723–24 (4th Cir.1989). Additionally, he must demonstrate that the defendants caused actual injury. *Lewis*, 518 U.S. at 353–54. The actual injury requirement is not satisfied by just any type of frustrated legal claim. Actual injury requires that the inmate demonstrate that his "non-frivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." *Id*. at 353–55.  In this case, Plaintiff simply alleges that he was denied access to certain legal materials, but fails to allege any specific facts demonstrating how he has been prejudiced in pursuing non-frivolous litigation or any actual injury.[1] Therefore, Plaintiff has failed to state a cognizable claim.

Plaintiff also lists Defendant David Burzinski as a party defendant. Plaintiff's complaint currently pending before the Court does not reflect any specific allegations against this individual. Rule 8(a) (2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a pro se complaint, the Unites States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. *See  Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555. The

---

[1] The Court notes that the "Active" appeal Plaintiff references was dismissed in late October of 2014.

Complaint provides no factual allegations to demonstrate any personal involvement by Defendant Burzinski during the events outlined in the complaint. Therefore, to the extent that Plaintiff seeks to bring suit against Defendant Burzinski, he is entitled to summary dismissal from the case for any claims alleged by Plaintiff.

III.    Conclusion

For the foregoing reasons, it is recommended that the district judge dismiss the complaint without prejudice and without issuance and service of process based upon Plaintiff's failure to state a federal question claim on which relief may be granted.

IT IS SO RECOMMENDED.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

February 17, 2015
Florence, South Carolina

The plaintiff's attention is directed to the Notice on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk<br>
United States District Court<br>
Post Office Box 2317<br>
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).